A. J. TILDEN *vs.* THE PARAMOUNT FINANCE COMPANY ET AL.

Third Judicial District, Bridgeport, April Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued April 11th—decided June 2d, 1930.

*Michael V. Blansfield,* with whom, on the brief, was *William W. Gager,* for the appellant (defendant The Paramount Finance Company).

*L. Russell Carter,* for the appellee (plaintiff).

WHEELER, C. J. Patrick H. Carroll owed the plaintiff $2000, and as evidence of the debt gave him a

negotiable promissory note secured by a mortgage on property in Waterbury which was then subject to a first mortgage to the Merchants Trust Company. Carroll subsequently conveyed his equity to Genova, who gave him a third mortgage on this property for $2500. Genova gave a fourth mortgage on this property in favor of Dobolaitis for $1200, and an attachment was placed on this property in favor of Spino for $2500. On or about April 5th, 1922, the plaintiff and Carroll agreed that Carroll was to procure his son to foreclose plaintiff's mortgage with the understanding that if Carroll had to redeem the plaintiff would let his mortgage remain on the property. Carroll's son brought in behalf of the present plaintiff, the second mortgagee, the foreclosure in the District Court of Waterbury; a judgment of foreclosure was rendered on May 19th, 1922, giving each of the lienors subsequent to the plaintiff a law day in which to redeem or "be forever barred and foreclosed of all equity to redeem said mortgaged premises." The judgment further ordered "that upon the payment of the debts and costs by any encumbrancer, after all subsequent parties in interest have been foreclosed, the title to said property shall vest absolutely in such encumbrancer making such payment, subject to such unpaid encumbrances as precede him." And further ordered that "Genova deliver up to the plaintiff possession of said mortgaged premises, with stay of execution of ejectment nevertheless until the 23rd day of June 1922." None of the encumbrancers subsequent to Patrick H. Carroll redeemed the premises, nor did Carroll on the day fixed in the judgment pay the plaintiff the amounts of the judgment and costs, or any part thereof, nor has he since paid this.

It was the understanding of Carroll and the plaintiff that the effect of the judgment of foreclosure and

the failure of the lienors subsequent to Carroll to pay, was to make Carroll the owner of the equity of redemption in these premises subject to the plaintiff's mortgage and that the debt secured by this mortgage remained wholly unpaid and a lien against the premises. In accordance with this understanding the plaintiff retained his mortgage note and deed and Carroll paid to plaintiff interest on the note and mortgage up to December 18th, 1925, and thereby acknowledged his indebtedness. Carroll's son, after securing the judgment of foreclosure, caused to be recorded a certificate of title signing the same as attorney for the plaintiff. Carroll paid his son all expenses and charges incident to the securing of the foreclosure judgment. The plaintiff had no actual knowledge of the filing of this certificate until just before the bringing of this action. The certificate conforms to that prescribed by General Statues, § 5203, and follows the form of the Connecticut Civil Officer (18th Ed.) page 798, except in its conclusion and signature. It concludes: "The time limited for redemption in said judgment of foreclosure for said Patrick H. Carroll was June 22, 1922, and on said day Carroll redeemed the aforesaid premises and the title to said premises became absolute in the said Patrick H. Carroll on the 22nd day of June, A.D. 1922."

On or about May 10th, 1926, Carroll gave to the defendant The Paramount Finance Company a mortgage to secure a debt of $5000 upon the premises described in plaintiff's mortgage and two other pieces of land. On August 3d, 1926, The Paramount Finance Company instituted a foreclosure action against Carroll in which it represented that its interest under this mortgage was subsequent to plaintiff's interest under his mortgage from Carroll. A judgment was rendered that the title to these premises as against

Carroll became absolute. This defendant company is now in possession of the premises and claims to own the equity of redemption therein.

The Paramount Finance Company knew none of the details of the understanding between the plaintiff and Carroll as to the continuance of plaintiff's mortgage except as stated herein and it has paid no interest to plaintiff nor in any way misled him.

The judgment of foreclosure obtained by the plaintiff was against Carroll as well as against all encumbrancers subsequent to him. It provided that unless Carroll paid the amount of the plaintiff's debt as found by the court together with interest and costs on a specified law day he would be barred and foreclosed of all equity to redeem the mortgaged premises. Carroll did not redeem nor has he ever paid the amount due the plaintiff as specified in this judgment. He thereupon, so far as the terms of the judgment go, ceased to have any interest in this property. The appellant, The Paramount Finance Company, claims that in virtue of the certificate of foreclosure filed by the attorney for the plaintiff he is estopped to deny that Carroll took title to this property as he has so recited in this certificate, and that in consequence of the foreclosure proceedings the mortgage from Carroll to plaintiff merged into the title and disappeared as a legal lien upon the property. This is a novel way to get rid of paying a mortgage encumbrance.

These claims are based upon the certificate of title. This certificate is merely evidential of title. Its recitals conflict with the judgment and against it they cannot stand. The court has found the facts contrary to these recitals and these findings must control. Aside from these considerations, which would hold though the certificate was in due form, the certificate was not signed by or filed in behalf of Carroll who

was the redeeming encumbrancer as this appellant claims. It was signed by the attorney for the plaintiff whose debt appellant claims was paid by Carroll and the premises thus redeemed from the mortgage lien.

General Statutes, § 5203, does not prescribe for the filing of a certificate by the mortgagee whose mortgage debt has been redeemed. This certificate is without legal value and is evidence of none of its recitals. The attorney for the plaintiff was without authority to file the certificate since it was unauthorized by our statutory procedure. The town clerk was also without authority to file this paper signed as it was by the plaintiff's attorney who was without authority to sign it.

The judgment of the plaintiff against Carroll deprived him of his equity of redemption and vested this in the plaintiff. Thereafter Carroll had no legal title to this property. His interest, under the understanding between himself and the plaintiff, was confined to the right in equity to have the plaintiff transfer to him the equity of redemption in the property upon Carroll giving to him a purchase-money mortgage of the same amount and terms as the original mortgage of Carroll to the plaintiff. The Paramount Finance Company obtained no interest in the equity of redemption by its foreclosure for Carroll was unable to transfer to it what he did not possess. Carroll admitted all of the facts of the substituted complaint and these are in essence found by the trial court. In equity they constitute an equitable assignment by Carroll to this company of his right to require the plaintiff to transfer to him the equity of redemption upon his giving to the plaintiff a purchase-money mortgage of the same terms as his original mortgage to the plaintiff.

The rulings on evidence were not erroneous. The

evidence as to the amount of money plaintiff gave Carroll in 1919 for the note and mortgage given by him to the plaintiff was too remote. The mortgage had been foreclosed and judgment rendered in 1922; it was too late to inquire into the original consideration. The representations made by Carroll, at the time he gave to this company the $5000 mortgage, as to the existence of the liens upon this property were immaterial to the issues involved. The conclusions reached require that the part of the judgment in the ninth line from the end succeeding the words "judgment of foreclosure" be stricken out and in their place there be substituted the following: The plaintiff shall forthwith deliver to Carroll a quitclaim of his equity of redemption upon Carroll giving to him a purchase-money mortgage for the amount of $2045.60 with any unpaid interest thereon from December 18th, 1925, and any proper charges against this property which the plaintiff may have paid and the plaintiff shall forthwith cause this to be duly recorded. Thereupon The Paramount Finance Company shall have the right to redeem the mortgage given to the plaintiff by Carroll within sixty days from the recording of this mortgage by paying the plaintiff the amount of such mortgage debt with interest and all proper charges and upon the payment of this mortgage debt with interest and proper charges the title to said property shall vest absolutely in it subject to such unpaid encumbrances as precede it. And if The Paramount Finance Company shall fail to make such payment within said sixty days it and its successors and assigns shall be forever barred and foreclosed of all equity to redeem the mortgaged premises and the same shall vest absolutely in the plaintiff free and clear of such mortgage and subject to the unpaid encumbrances which precede it. It is further ordered that the plain-

tiff cause to be filed for record a certified copy of this judgment in the land records of the town of Waterbury within thirty days from the date of this judgment.

There is error in part, and the cause is remanded with direction to the Superior Court to enter judgment in accordance with this opinion.

In this opinion HAINES, HINMAN and BANKS, Js., concurred.

MALTBIE, J. (dissenting in part). I concur except as regards some aspects of the judgment directed. The amount of the mortgage to be given by Carroll is so stated that it will include past due interest and charges in the principal sum. No doubt these would be proper items to include in the amount to be paid upon the redemption of the mortgage, but they cannot properly form a part of its principal. Under the decree directed this is probably not of much practical consequence. But I am also unable to agree with that part of the judgment which gives affirmative relief, particularly with reference to an immediate redemption of the plaintiff's mortgage interest. The complaint seeks only a declaration of rights and the judgment could, and, I think, should have been confined to relief of that nature.